UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| CRAIG CUNNINGHAM, § | |
| Plaintiff, on behalf of himself and all § | |
| others similarly situated, § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Case No.: 4:17-cv-416 |
| § | |
| GLOBAL RECEIVABLES § | |
| SOLUTIONS, INC. § | |
| Defendant. § | |

### Plaintiff's Origianal Complaint

### INTRODUCTION

1. This action arises out of Defendant Global Receivables Solutions, Inc. ("Global Receivables") ("Defendant") practice of making autodialed phone calls to individuals. Defendant's actions violate the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

2. Plaintiff Craig Cunningham is one such recipient of Defendant's phone calls. Defendant has made numerous phone calls to Plaintiff's cellular telephone number.

3. Furthermore, Plaintiff Cunningham did not provide his consent to receive any of the messages.

4. All of these phone calls were made using an automatic telephone dialing system, and none of them were sent for an emergency purpose.

5. Accordingly, Plaintiff brings this TCPA action on behalf of himself and a proposed class of similarly situated individuals to whom Defendant made phone calls.

6. The Plaintiff in this case is Craig Cunningham currently has a mailing address of 5543 Edmondson Pike, ste 248, Nashville, TN 37211.

7. Global Receivables Solutions, Inc., formerly known as West Asset Management Inc. is a debt collector as defined by the FDCPA and is operating and can be served via Registered agent at Corporation Service Company, dba CSC Lawyers Incorporating Service, 211 E. 7th Street, Suite 620, Austin, TX 78701.

## Jurisdiction

8. Jurisdiction of this court arises as the acts happened in this district.

9. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA, which is a federal statute.

10. This Court has personal jurisdiction over Defendant because Defendant conducts significant amounts of business within this District and is headquartered in this District.

11. Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant conducts significant amounts of business within this District, because the wrongful conduct was emanated from this District, and because Defendant is headquartered in this District.

## FACTUAL ALLEGATIONS

12. In 2016 and 2017, the Plaintiff received a debt collection phone call to the Plaintiff's cellular phone which connected the Plaintiff to an agent. The Plaintiff received: the following calls on the specified dates:

| Date/Time | Type | Number | Duration | Direction | Network |
|---|---|---|---|---|---|
| 29/12/2016 11:37 PM | call | (615) 763-4788 | 42s | inbound | cell |
| 28/12/2016 11:10 PM | call | (615) 763-4788 | 38s | inbound | cell |
| 27/12/2016 07:40 PM | call | (201) 977-2133 | 19s | inbound | cell |
| 27/12/2016 07:39 PM | call | (201) 977-2133 | 32s | outbound | cell |
| 27/12/2016 06:49 PM | call | (201) 977-2133 | 32s | inbound | cell |
| 23/12/2016 01:38 AM | call | (615) 763-4788 | 49s | inbound | cell |
| 22/12/2016 03:43 AM | call | (615) 763-4788 | 18s | outbound | cell |
| 21/12/2016 10:23 PM | call | (615) 763-4788 | 32s | inbound | cell |
| 21/12/2016 01:22 AM | call | (615) 763-4788 | 16s | inbound | cell |
| 19/12/2016 04:25 PM | call | (615) 763-4788 | 53s | outbound | cell |
| 19/12/2016 04:25 PM | call | (615) 763-4788 | 32s | inbound | cell |
| 15/12/2016 04:02 PM | call | (615) 763-4788 | 37s | outbound | cell |
| 15/12/2016 03:57 PM | call | (615) 763-4788 | 1m 38s | inbound | cell |
| 05/01/2017 01:10 AM | call | (615) 763-4786 | 40s | inbound | cell |
| 03/01/2017 07:05 PM | call | (201) 676-3148 | 32s | Inbound | Cell |

13. The calls started with a pre-recorded message after about 5-6 seconds of dead air that says: *"Hello, this is an important call for Betty Hu, if this is Betty Hu, please press 1 now. To place this call on hold to allow time for this person to come to the phone, please press 2. If this person it not available, please press 3. If Betty Hu cannot be reached at this number, please press 4."*

14. When the calls connected to an agent, the Plaintiff was told that he was called by Global Receivables In every call, the Plaintiff noticed a 5-6 second delay between answering the phone and the call connecting with a live person,

which is characteristic of automated telephone dialing systems and Defendant has a permit for an automated telephone dialing system on file with the Public Utility Commission of Texas.

15. This is just one of many harassing debt collection calls the Plaintiff has received, and the Plaintiff has not been able to ascertain where this erroneous information is coming from, and as Defendant is just content to knowingly call what could be wrong numbers, the Plaintiff was therefore subjected to multiple harassing phone calls.

16. The Plaintiff alleges that Defendant is a debt collector as defined by the FDCPA.

17. The Plaintiff is a third party, and the communication violated 15 USC 1692(c)(a)(b), which generally prohibits communication with 3rd parties, and the call was not being made for the purpose of acquiring location information as defined by 15 USC 1692(b). The Debt collector was taking a flyer just dialing possible numbers, knowing full well that they were quite likely to reach an innocent 3rd party. This is harassing behavior likely to annoy a reasonable person in violation of 15 USC 1692(d).

18. The Defendant also used an automated telephone dialing system to call the Plaintiff's cell phone in violation of the TCPA, 47 USC 227(b) and 47 USC 227(c)(5) as codified under 47 CFR 64.1200(b).

19. The calls violated 47 USC 227(b) as the calls were automated and placed to the Plaintiff's cell phone without the Plaintiff's consent and without an emergency purpose.

20. The calls violated 47 CFR 64.1200(b) as the artificial or pre-recorded message failed to state at the beginning of the message the identity of the business, individual, or entity that is responsible for initiating the call. In fact, no name was given for the entity placing the call and even the agents only stated who they were calling from after the Plaintiff asked repeatedly.

21. These calls were knowingly and willfully placed and the Defendants had or should have ascertained they were calling the wrong person.

**Actual Damages**

22. Plaintiff has suffered actual injury as a result of Defendant's telephone calls, including, but not limited to:

• Data usage;

• Plan usage;

• Lost time tending to and responding to the unsolicited phone calls;

• Invasion of Privacy and loss of concentration

**CAUSES OF ACTION**

**Violations of the TCPA, 47 U.S.C. § 227(c) and 47 CFR § 64.120**

51. The foregoing actions by the Defendant constitutes multiple breaches of the TCPA by placing automated calls without the Plaintiff's consent to the Plaintiff's Cell phone and by placing multiple harassing and illegal calls to the Plaintiff.

52. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

53. Defendant placed numerous telephone solicitations to Plaintiff.

54. These telephone calls and text messages were made in the absence of express consent or any other written agreement permitting these calls.

55. Many of these calls messages occurred after Plaintiff after the asked Defendant to stop calling as the plaintiff had previously filed suit for the exact same conduct.

56. Plaintiff received one or more calls in a 12-month period.

57. Plaintiff does not have a business relationship with Defendant.

58. Plaintiff and Class members are entitled to an award of $500 in statutory damages telephone call pursuant to 47 U.S.C. § 227(c)(5).

59. Plaintiff and Class members are entitled to an award of treble damages in an amount, pursuant to 47 U.S.C. § 227(c)(5).

## PRAYER

**WHEREFORE**, Plaintiff Craig Cunningham, prays for the following relief:

B. An order declaring that Defendant's actions, as set out above, violate 47 U.S.C. § 227;

C. an order prohibiting Defendant from engaging in the wrongful and unlawful acts described herein;

D. An award of statutory damages;

E. An award of treble damages;

F. An award of reasonable attorneys' fees and costs; and

G. Such other and further relief that the Court deems reasonable and just.

**Dated:** June 13, 2016

                                                            */s/ Aaron K. Mulvey*_____

                                                            Aaron K. Mulvey
                                                            **The Law Offices of Aaron K. Mulvey, PLLC**
                                                            518 N. Manus Dr.
                                                            Dallas, TX 75224
                                                            Tel: 214-282-5215
                                                            Aaron@MulveyLaw.com